# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH STEELE, | |
| Petitioner, | C.A. No. 07-144 Erie |
| v. | District Judge McLaughlin |
| | Chief Magistrate Judge Baxter |
| PAUL STOWITZKY, et al., | |
| Respondents. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Petitioner, Joseph Steele, be dismissed as moot and that a certificate of appealability be denied.

### II. REPORT

#### A. Discussion

Petitioner is presently incarcerated at the State Correctional Institution located in Mercer, Pennsylvania ("SCI-Mercer"). On July 1, 1998, he entered a plea of guilty to charges of involuntary deviate sexual intercourse, indecent assault, and corruption of minors. The Court of Common Pleas of Erie County sentenced him to a term of imprisonment of 8 years 2 months to 17 years. The controlling minimum date on his sentence was March 7, 2007, and the controlling maximum date is September 7, 2015.

Prior to the expiration of Petitioner's minimum-sentence date, the Pennsylvania Board of Probation and Parole (the "Board") considered him as a candidate for parole. In March 2007, it issued a decision denying him parole. (*Board Decision*, attached as Ex. B to Docket No. 10).

In the petition for writ of habeas corpus, Petitioner alleges that the Board's decision violated his due process rights. As relief, he requests that this Court order the Board to immediately release him to parole. Two responses were filed in this matter. One was filed by the

Roger M. Bauer, Esquire, Assistant District Attorney of Erie County (Docket No. 7), and a second response was filed by Sarah C. Yerger, Esquire, Senior Deputy Attorney General (Docket No. 10).

In the Board decision that Petitioner challenges in the instant petition for writ of habeas corpus, the Board informed Petitioner that he would be reevaluated for parole in or after February 2009. The records department at SCI-Mercer has confirmed to this Court that on April 23, 2009, the Board issued a decision granting Petitioner parole.

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Burkey v. Marberry, 556 F.3d 142, 147-48 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id.; see also 13A Charles Alan Wright, *et al.*, Federal Practice and Procedure: Jurisdiction 2d § 3533.3 (2d ed. 1984 & 2007 Supp.) ("The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.")

Because the Board has granted Petitioner parole, the relief he sought in his petition is no longer of consequence to him; he no longer has the requisite "personal stake" in the outcome of the litigation. Accordingly, there is no case or controversy for this Court to consider, and the petition should be dismissed as moot.

### B. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has

2

made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is moot. Accordingly, a certificate of appealability should be denied.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief U.S. Magistrate Judge

Dated:  June 10, 2009